## WALSH vs TYLER.

Opinion delivered October 1, 1898.

*1. Attachment—Reference to Master—Exception—Waiver.*

In an attachment suit in which a third party interpleaded claiming the attached property, and in which the defendant answered admitting the indebtedness but denying the rightfulness of the attachment, the question of the rightfulness of the attachment and interpleaders title to the goods was re-

ferred to a master to take evidence and make findings as to the law and facts. Defendant only excepted to this order. The master made his report finding in favor of the plaintiff on both issues. Upon motion of defendant the matter was resubmitted to the master, who again found for the plaintiff. *Held*, That by asking that the matter be resubmitted, the defendant waived his exception saved when the matter was first referred to the master.

2. *Error—Waiver by Failing to Except.*

A party who fails to except to the reference of an issue to a master waives his right to a trial by jury after an adverse decision.

3. *Trial by Jury—Waiver.*

By acquiescing in a reference of the trial of title to attached property to a master, an interpleader waives his right to trial by jury.

4. *Separate Trial—Waiver.*

By failing to except to a reference to a master, of an attachment issue and the issue as to title of property, the interpleader waives his right to a separate trial.

5. *Reference to Master takes Whole Case.*

The reference of a cause to a master carries the whole case to the master.

6. *Appeal—Extension of Time—Agreement of Attorney.*

When attorneys for both parties agree that appellant may have additional time in which to file a record on appeal, the court will regard such agreement as good cause for extending the time.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action by Tyler & Simpson against Walsh & Anderson, in which Glave Goddard filed an interplea, claiming

certain property which had been attached by plaintiffs. Judgment for plaintiffs. Defendants and interpleader appeal. Affirmed.

On the 4th day of December, 1896, Tyler & Simpson filed in the office of the clerk of the United States Court for the Southern district of the Indian Territory, at Pauls Valley, a complaint at law against Walsh & Anderson, alleging indebtedness to the amount of $594.75 for goods, wares, and merchandise sold and delivered to them, and at the same time filed affidavit and bond for writ of attachment. Summons and order of attachment were issued thereon, and served the same day, and a stock of goods was levied upon under the writ of attachment. On the 14th day of December, 1896, the return day of the summons and order of attachment, Glave Goddard filed an interplea in this cause, claiming all the property taken into custody by the marshal, by virtue of a conveyance to him by Walsh & Anderson, of the date of November 30, 1896. On the 15th day of December following, Walsh & Anderson filed their joint answer, admitting the indebtedness to plaintiffs, as alleged in their complaint, but alleging that the attachment was wrongfully sued out; and they filed an affidavit controverting the grounds of attachment. On the same day an order of reference was made, sending the cause to the master in chancery, with instructions to hear the same, December 19th following. To this order of reference, defendants, Walsh & Anderson, duly excepted, but the interpleader took no exceptions to the reference. On the 23d day of December, 1896, the master filed his report, holding the conveyance to Goddard void as against creditors. This report of the master has been lost, and does not appear in the record. On the same day, the defendants filed exceptions to the report of the master. Afterwards, on the same day, plaintiffs filed an answer to the interplea of Glave Goddard. On the 24th day of December, 1896, at the request of defendants, Walsh & Anderson, the court re-referred the

matter of the attachment to the same master in chancery, to take further testimony, and report his findings. No exceptions were taken to this re-reference. On the 11th day of March, 1897, the master filed his second report, again holding the deed void as to creditors. On the 12th day of March, 1897, the defendants and the interpleader filed their separate exceptions to the report of the master in chancery. On the 16th day of March, 1897, this cause was called for trial in its regular order on the docket, and a trial by a jury was demanded, by both defendants and interpleader, which was refused. The cause was then heard by the court on exceptions to the master's report. The master's report was sustained, and judgment against the defendants upon the attachment and debt was rendered. In the same judgment the court decreed that the interpleader take nothing by reason of his interplea in this cause. On the 17th day of March, 1897, the defendants and the interpleader filed their motion, requesting the court to reduce to writing his finding upon the law and the facts. On the 18th day of March, 1897, defendants and interpleader filed their motion for a new trial, which was overruled by the court, whereupon an appeal was prayed for and granted.

*J. P. Woods, L. C. Andrews, J. T. Blanton* and *Nicholas Wolfe*, for appellate.

1. The court erred in referring the issue raised by plaintiff's complaint and affidavit for attachment and the answer and controverting affidavit to the Master in Chancery. Judicial authority cannot be delegated. Hyllis vs State, 45 Ark. 478; Dansby vs Beard, 39 Ark. 254; Gaitter vs Wasson, 42 Ark. 126. A court of law has no inherent power to refer without the consent of all parties any issue triable before it. 20 A. & E. Enc. Law 664; U. S. vs Raithbone, 2 Paine 578; Howe Machine Co. vs Edwards, 15 Blatch 402; St. Paul R. R. Co. vs Gardner, 19 Minn. 132.

2.   The right of trial by jury extends to all cases in which a trial by jury was allowed at common law.  Goven vs Jackson, 32 Ark. 553;  Root  vs  Ry.  Co., 105  U. S. 189; Parsons vs Bedford, 3  Pet. 447; Fenn vs Holme, 21 How.  484.

3.   The  court  erred  in  refusing  interpleader  and defendant separate trial on  the  issues  raised by the attachment and interplea.    Waples-Platter vs Low 4 C. C. A. 208; Sanger vs  Flow 1 C. C. A. 56;  Holliday vs Cohen, 34  Ark. 707.

*Weaver & Weaver, Furman & Herbert* and *Johnson, Cruce & Cruce,* for appellees.

SPRINGER, C. J.   The first error assigned in this case is as follows:   "The court erred in . ordering  and  directing, over defendant's objection, that the issue raised by plaintiffs' complaint and affidavit for attachment, and  the  answer and affidavit of  defendants controverting the grounds of  attachment, be referred to the master in chancery."   The reference in  this  case was  made, as  stated  by the  trial  judge in his certificate to the bill of exceptions, to the master in chancery, as a commissioner.   The only statutory authority for such a reference is found in section 358 of Mansfield's Digest, which is as follows:  "Sec. 358.   The court may hear the proof, or may order a reference to  a  commissioner, or may impanel a jury to inquire into the facts.   If it is  found that the claimant has a title to, a lien on or any interest in  such property, the court shall make such  order  as  may be  necessary to protect his rights.   The costs of  this  proceeding shall be paid by either party at  the  discretion of  the  court."   By reading  the  context  of this  statutory provision, it will be seen that the reference authorized is in  case of  the  claim of an interpleader to the attached property.   The error assigned is on account of the  reference  to a  commissioner of the issues  raised by the complaint, and  the  suing  out of  the

attachment. The order of reference was that "this cause be, and the same is hereby," etc., "with instructions to hear the same, Saturday, December 19th." To this order of reference, the defendants, Walsh & Anderson, duly excepted; but the interpleader, Glave Goddard, took no exception thereto. The master or commissioner heard the case, reported the evidence taken by him to the court, and his findings as to the law and the facts. The findings were against the contentions of both the defendants and the interpleader. They filed exceptions, which the court at the time of the trial overruled. On the 24th day of December, one day after the master filed his first report, there was another reference to the master, in these words: 'That the matter of attachment in this cause heretofore referred to the master in chancery be, and the same is hereby, resubmitted to' the said master in chan-cery, and he is required to take further testimony, and report his findings on the attachment in this cause.'' The trial judge, in his certificate to the bill of exceptions, states that this reference was made at the request of the defendants, Walsh & Anderson. The interpleaders took no exceptions this reference. The defendants admitted in their joint answer their indebtedness as alleged in the complaint. The only issue which their answer made was upon the attachment. The second order of reference, which was made at the request of defendants, was for the purpose of taking further proof, and reporting upon the matter of the attachment. This request for a resubmission to the master was, in effect, a waiver of the exceptions taken by defendants to the first order of reference. If they relied upon their exceptions, they should have stood upon them. But they virtually abandoned them by asking for a re-reference, The interpleader took no exceptions to either reference.

*Waiver of exception.*

The second assignment of error submitted by appellants (the defendants and interpleader below) is as follows: "Because the court erred in refusing the defendants a trial

by a jury on the issues raised by the pleadings on the attachment proceedings herein." This court expresses no opinion at this time upon the question as to whether the issues of fact raised by the suing out of an attachment must be tried by a jury, when such trial is not waived, and when a timely demand is made therefor. In the case at bar, the defendants, by requesting a resubmission of the attachment issue to a master in chancery, and the interpleader, by failing to except to the submission or resubmission to such master, in effect waived their right to have the attachment issue tried by a jury, if any such right existed. When such reference is made, without objection or at the instance of the parties, the trial of the case or the issue is submitted to the master and to the court, upon exceptions to the master's report properly filed. And, when such report is adverse to the party agreeing to the submission, it is too late for such party to demand a jury to retry the case on the issue of fact submitted. The court below did not err in this case in refusing a trial by jury upon the issues of fact raised by the attachment, for the reason that such trial was in effect waived.

*Trial by Jury. Waiver.*

The third assigmnent of error in this case is as follows: "Because the court erred in refusing the interpleader a trial by a jury on the issues raised by the interplea and the plaintiffs' answer thereto." Issues of fact raised by an interplea, if denied by any of the parties to the case, must be tried by a jury, when timely demand is made therefor, and the right to such trial by jury is not waived. But the interpleader in the case at bar took no exceptions to the reference of the case to a master. By acquiescing in such reference at the time he waived his right to a trial by jury. The reference of the cause to the master took with it the interplea and the answer thereto, and the issues of fact raised therein. After the master had reported adversely, it was then too late to demand that the issues of fact be submitted

*Trial by Jury. Waiver.*

to a jury.    Exceptions must be taken at the time the ruling or order is made, and preserved in the bill of exceptions, and renewed in the motion for new trial, in order to entitle the exceptors to the benefits thereof.    Thomp. Trials, § § 2802, 2803, et seq., and authorities therein cited.

The fourth assignment of error in this case is as follows: "Because the court erred in refusing the interpleader and defendants separate trials on the issues raised by the attachment and the issues raised by the interplea." In the record it appears that the separate trial demanded by the interpleader was "by the jury." The interpleader would have been entitled to a separate trial by jury if he had not waived his right thereto, as was done by failing to except to the order referring the case to a master in chancery.

*Separate trial. Waiver*

The fifth assignment of error is as follows: "Because the court erred in construing the report of the master in chancery to be upon the issue raised by the interplea filed herein." The reference to the master was of the cause. This carried the whole case to the master and the interpleader should then have excepted to such reference if he desired to save his objection. The master reported upon the interpleader's claim to the attached property. That report is not found in the record, but exceptions to it were presented and overruled by the trial court.

*Reference to master.*

This court regrets to be compelled to call the attention of the attorneys on both sides of the case to conduct which is reprehensible.    In the appellant's brief, in the statement of the case, is the following allegation: "On the 15th day of December following, Walsh and Anderson filed their joint answer, denying the indebtedness to plaintiffs," etc.    By reference to the record it will be seen that the answer admitted the indebtedness to the plaintiffs, thereby taking that issue out of the case.

This error was, doubtless, unintentionally made, but counsel's statement was calculated to mislead the court by making a false statement. Such blunders are unpardonable. The attorneys for the appellees agreed with the attorneys for the appellants that they might have 30 days' additional time in which to file their record in the case in the court of appeals. The appellants availed themselves of this additional time, and consequently the record was not filed within the time required by law. The court of appeals alone can extend the time for filing the record. Mansf. Dig. § 1271. There was no motion made by appellees to dismiss the appeal; but in their brief counsel for appellees state: "It is true that an agreement was filed giving the appellants thirty days' additional time in which to file the record with the court of appeals; but we submit to the court that the filing of this record with the court of appeals within the time allowed by the lower court is a jurisdictional question, and has to be filed within the time allowed in order to give the court of appeals jurisdiction of the case, and could not be waived or agreed to by the attorneys in the case." Counsel then quote section 1271 of Mansfield's Digest, and conclude as follows: "From this statute the court will see that this court, as before stated, has no jurisdiction of any record unless filed within the time allowed by the court granting the appeal, which in this case was the lower court, unless further time is asked of the appellate court, which may be given, if sufficient cause is shown. This being a jurisdictional question, we take it that it cannot be done in any other way; and any agreement made by the attorneys could not give the court jurisdiction; and, appellants not having complied with the statute in filing their record, we take it that it is imperative upon the court to dismiss this appeal, regardless of what the facts at issue may be." After counsel for appellees had agreed with the counsel for appellants to extend the time for filing the record in this case, it ill becomes them to ask this

court to take advantage of the error to which they had consented by making their agreement with the opposing counsel. No motion having been made to dismiss the appeal, or counter motion to permit the filing of the record after the expiration of the time, this court will regard the agreement which appears in the record as a good cause shown for extending the time for filing the record in this case; and it is accordingly ordered that the time for filing the record in this case be extended so as to embrace the actual date of filing. It appearing to this court that there is no reversible error in the record, the judgment of the court below is affirmed.

*Appeal. Extension of time.*

CLAYTON and TOWNSEND, JJ., concur.